**LOS ANGELES LEGAL SOLUTIONS, APC**
F. Jay Rahimi, Esq. (305286)
jay@LALSLaw.com
7136 Haskell Avenue, Suite 333
Van Nuys, CA 91406
Telephone: (818) 510-0555
Facsimile: (818) 510-0590

**KAZEROUNI LAW GROUP, APC**
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
1303 East Grand Avenue, Ste. 101
Arroyo Grande, CA 93420
Telephone: (805) 335-8455
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Tracy Davis

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>CMRE FINANCIAL SERVICES, INC.,<br><br>    Defendants. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I.   **THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.;**<br><br>II.  **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.; AND,**<br><br>III. **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ**.<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Plaintiff TRACY DAVIS ("Plaintiff") through Plaintiff's attorneys, bring this lawsuit to challenge the actions of Defendant CMRE FINANCIAL SERVICES, INC. ("Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages through Defendant's negligent and/or willful contact to Plaintiff's cellular telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, Plaintiff allege that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

reasonably adapted to avoid any such violation.

6. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).; and, 15 U.S.C. § 1692.

8. This Court also has supplemental jurisdiction over Plaintiff's California State Law causes of action pursuant to 28 U.S.C. § 1367.

9. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) both Plaintiff and Defendant reside in the County of Orange, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant.

10. This action arises out of Defendant's violations of (i) the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"); (ii) the Fair Debt Collection Praactices Act, 15 U.S.C. § 1692, et seq.; and, (iii) the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, et seq. ("RFDCPA").

## PARTIES

11. Plaintiff is a natural person who resides in the County of Orange, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and are each a "debtor" as that term is defined by California Civil Code § 1788.2(h).

12. Plaintiff is a "person" as defined by 47 U.S.C. § 153 (10).

13. Plaintiff is informed and believes, and thereon alleges, that Defendant is located in the County of Orange, State of California, and is a person as defined by 47 U.S.C. § 153 (10).

14. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

15. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

16. Sometime before August 6, 2018, Plaintiff's mother, Linda Davis ("Linda"), received services from CARE Ambulance which resulted in a "debt" as that term is defined by the FDCPA; and, RFDCPA.

17. Linda then fell behind on the debt resulting in CARE transferring the debt to Defendant for collection.

18. Linda passed away on April 3, 2018.

19. Plaintiff is the trustee, representative, and administrator of the Estate of Linda Davis.
20. As a result, Defendant began collecting Linda's debt from Plaintiff via written and telephonic communications.
21. Plaintiff is thus a "consumer" and "debtor" as those terms are defined by the FDCPA and RFDCPA.
22. On or about August 22, 2018, Plaintiff's counsel, F. Jay Rahimi, Esq., sent a written communication, inclusive of Mr. Rahimi's name, telephone number, and address, notifying CMRE that Plaintiff was a represented party with regard to the debt.
23. Mr. Rahimi's written communication also required Defendant to send any additional communications regarding the debt to counsel only; disputed the debt; and, demanded communications to Plaintiff otherwise cease.
24. Defendant received Mr. Rahimi's written communication on August 22, 2018.
25. Despite receipt of Mr. Rahimi's written communication, Defendant continued to contact Plaintiff directly on Plaintiff's cellular telephones multiple times between September 6, 2018 and September 25, 2018 in an attempt to collect the debt.
26. Through this conduct, Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff despite knowledge that Plaintiff were represented by Mr. Rahimi with regard to Plaintiff's debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.
27. Through this conduct, Defendant violated 15 U.S.C. § 1692c(c) by contacting Plaintiff after a cease and desist demand was received. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

28. Through this conduct, Defendant violated Cal. Civ. Code § 1788.14(c) by initiating communications with Plaintiff despite being previously informed in writing that Plaintiff were represented parties with respect to Plaintiff's debt.
29. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to the artificial or prerecorded message to Plaintiff as prohibited by 47 U.S.C. § 227(b)(1)(A).
30. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.
31. On information and belief, Defendant's telephone system utilized to contact Plaintiff is a predictive dialer.
32. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).
33. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incur a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).
34. Defendant lacked "prior express consent" to contact Plaintiff on Plaintiff's cellular telephone as described herein.
35. Even if Defendant initially had "prior express consent" to contact Plaintiff, said consent was revoked by Mr. Rahimi's written communication.
36. These telephone communications by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1).

## CAUSE OF ACTION CLAIMED BY PLAINTIFF

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 ET SEQ.

### [AGAINST ALL DEFENDANTS]

37. Plaintiff incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.
39. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
40. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 ET SEQ.**
**[AGAINST ALL DEFENDANTS]**

41. Plaintiff incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.
42. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.
43. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
44. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## Violation Of The Rosenthal Fair Debt Collection Practices Act
## Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)
### [Against All Defendants]

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

47. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

## Violation Of The Fair Debt Collection Practices Act
## 15 U.S.C. §§ 1692 (FDCPA)
### [Against All Defendants]

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

50. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray that judgment be entered against Defendant for:

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seek $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);
- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seek $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually;
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant;
- Any and all other relief that this Court deems just and proper.

## TRIAL BY JURY

51. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial by jury.

Dated: August 22, 2019                                    Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:     /s/ Matthew M. Loker
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF

**[ADDITIONAL PLAINTIFF'S COUNSEL]**

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523